[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14223
Non-Argument Calendar

_____

Agency No. A079-372-054

NIKOLA DRABEK,
a.k.a. Drabek Nikola,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 10, 2012)

Before BARKETT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Nikola Drabek, through counsel, seeks review of the Board of Immigration Appeals' ("BIA") order denying as untimely and number-barred his second motion to reopen based upon an ineffective assistance of counsel claim.  In his petition, Drabek argues that the BIA abused its discretion in denying his motion to reopen because his counsel provided ineffective assistance.

We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion, namely, whether the BIA exercised its discretion in an arbitrary or capricious manner.  *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005).

We recognize that an alien may move to reopen his removal order on the basis of  counsel's ineffective assistance in the context of a deportation hearing. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272-74 (11th Cir. 2004) (addressing merits of ineffective assistance claim where petitioner filed a timely motion to reopen).  However, an alien is generally limited to filing one motion to reopen removal proceedings and must file it within 90 days of the date of the BIA's final administrative removal order.  INA § 240(c)(7)(A), (C)(i), 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).  The 90-day filing deadline is "mandatory and jurisdictional," and, therefore, not subject to equitable tolling. *See Abdi*, 430 F.3d at 1150 & n.2 (finding no abuse of discretion in the BIA's

2

denial of a motion to reopen based on an ineffective assistance of counsel claim because the motion was time-barred, and thus, declining to address ineffective assistance claim and denying petition).  Indeed, we have declined to recognize equitable tolling for an untimely motion to reopen based upon ineffective assistance of counsel, "even where an alien acts blamelessly."  *Anin v. Reno*, 188 F.3d 1273, 1278-79 (11th Cir. 1999). It is undisputed that Drabek's second motion to reopen was untimely and number-barred and, as we have noted, we do not recognize equitable tolling based upon ineffective assistance of counsel as the statutory time limitation is mandatory.

Alternatively, Drabek argues that the BIA should have exercised its discretionary authority to *sua sponte* reopen proceedings, even though Drabek never requested that the BIA do so.  In response to our jurisdictional question, Drabek asserts that we have jurisdiction over the BIA's decision not to reopen proceedings *sua sponte*.  However, we lack jurisdiction to review a BIA's denial of a motion to reopen based on its *sua sponte* authority because 8 C.F.R. § 1003.2(a) provides no meaningful standard against which to judge the BIA's exercise of its discretion.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292-94 (11th Cir. 2008).

**PETITION DISMISSED IN PART, DENIED IN PART.**

3